THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MILES,

      Plaintiff

v.                            3:20-CV-973
                             (JUDGE MARIANI)
JEFFREY A. SMITH, et al.,

      Defendants

FILED
SCRANTON
APR 01 2022
PER _____
DEPUTY CLERK

**ORDER**

AND NOW, THIS _1st_ DAY OF APRIL, 2022, upon *de novo* review of Magistrate Judge Joseph Saporito's Report & Recommendation ("R&R") (Doc. 11), Plaintiff's Objections thereto (Doc. 12), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. 12) are **OVERRULED**.[1]

---

[1] The Court adopts the Magistrate Judge's analysis and reasoning herein. Although Plaintiff has filed lengthy objections, they are without merit and fail to elucidate the purported factual and legal bases underlying his claims. The Court declines to address the Objections in detail where the basis for the Objection is either patently frivolous or incomprehensible.

    Plaintiff's Objections attempt to cast doubt on the R&R's recommendation by repeatedly contending that the R&R does not properly set forth the nature of his claims. However, upon review of Plaintiff's Complaint, these arguments are without merit. Plaintiff's statements of his claims in the Objections merely constitute unsuccessful attempts to survive dismissal by simply re-phrasing his prior claims, but to which the Magistrate Judge's legal analysis would still properly apply.

    The Court further agrees with Magistrate Judge Saporito that Defendant Smith is protected by judicial immunity where the actions sufficiently factually alleged in the Complaint were exclusively taken in the course of the performance of his duties and that Defendant Gallagher is protected by prosecutorial immunity where his actions were intimately associated with the judicial phase of the criminal process.

    Finally, the Court notes that in April, 2021, Miles pleaded guilty to "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance" in violation of 35 Pa. C.S.A. § 780-113(a)(30). *See Commonwealth v. Miles*, CP-35-CR-0000078-2018 (Lackawanna Cnty.). Thus, while the Court notes that Plaintiff purportedly is not directly

2. The R&R (Doc. 11) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED without leave to amend** as legally frivolous and malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

_____
Robert D. Mariani
United States District Judge

---

challenging the criminal charges brought against him, to the extent that he argues in his Objections that there was not probable cause to arrest/detain him and that the state court did not have jurisdiction over him (*see generally e.g.*, Doc. 12, at 11-16, 19-21, 23), these arguments are foreclosed by *Heck v. Humphrey* where they would necessarily imply the invalidity of his conviction.

2